1

2                    UNITED STATES DISTRICT COURT

3                   CENTRAL DISTRICT OF CALIFORNIA
                          SOUTHERN DIVISION
4

5
     UNITED STATES OF AMERICA,      )
6                                   )
             PLAINTIFF,             )
7                                   )
             V.                     ) CASE NO.:  SA CR 16-00036-CJC
8                                   )
                                    ) SANTA ANA, CALIFORNIA
9    NIKISHNA POLEQUAPTEWA,         ) MAY 6, 2016
                                    ) (2:07 P.M. TO 2:33 P.M.)
10                                  )
             DEFENDANT.             )
11   _____)

12
                INITIAL APPEARANCE/POST-INDICTMENT ARRAIGNMENT
13
                   BEFORE THE HONORABLE JAY C. GANDHI
14                    UNITED STATES MAGISTRATE JUDGE

15

16

17
     APPEARANCES:              SEE NEXT PAGE
18
     COURT REPORTER:           RECORDED; COURTSMART
19
     COURTROOM DEPUTY:         TERRI STEELE
20
     TRANSCRIBER:              DOROTHY BABYKIN
21                             COURTHOUSE SERVICES
                               1218 VALEBROOK PLACE
22                             GLENDORA, CALIFORNIA  91740
                               (626) 963-0566
23

24
     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

2

 1   APPEARANCES:  (CONTINUED)
     FOR THE PLAINTIFF UNITED STATES OF AMERICA:
 2
         EILEEN DECKER
 3       UNITED STATES ATTORNEY
         LAWRENCE MIDDLETON, CHIEF
 4       CRIMINAL DIVISION
         ASSISTANT UNITED STATES ATTORNEY
 5       BY:  VIBHAV MITTAL
         ASSISTANT UNITED STATES ATTORNEY
 6       411 WEST FOURTH STREET
         SUITE 8000
 7       SANTA ANA, CALIFORNIA  92701

 8
     FOR THE DEFENDANT NIKISHNA POLEQUAPTEWA:
 9
         KHOURI LAW FIRM
10       BY:  MICHAEL JOHN KHOURI
             ATTORNEY AT LAW
11       4040 BARRANCA PARKWAY
         SUITE 280
12       IRVINE, CALIFORNIA  92604

13   ALSO PRESENT:

14       MATTHEW A. BERLINER
         ATTORNEY AT LAW
15

16

17

18

19

20

21

22

23

24

25

                                    I N D E X

                                                              3

SA CR 16-00036-CJC                                   MAY 6, 2016

PROCEEDINGS:   INITIAL APPEARANCE AND POST-INDICTMENT
               ARRAIGNMENT

1          SANTA ANA, CALIFORNIA; FRIDAY, MAY 6, 2016; 2:07 P.M.

2               THE CLERK:  ALL RISE.  THIS COURT IS NOW IN SESSION.

3               THE HONORABLE JAY C. GANDHI PRESIDING.

4               THE COURT:  HAVE A SEAT, FOLKS.

5               THE CLERK:  CALLING SANTA ANA CRIMINAL NUMBER

6    16-00036, UNITED STATES OF AMERICA VERSUS NIKISHNA

7    POLEQUAPTEWA.

8               COUNSEL, PLEASE MAKE YOUR APPEARANCES.

9               MR. MITTAL:  GOOD AFTERNOON, YOUR HONOR.

10              VIB MITTAL ON BEHALF OF THE UNITED STATES.

11              MR. KHOURI:  GOOD AFTERNOON, YOUR HONOR.

12              MY NAME IS MIKE KHOURI, SPELLED K-H-O-U-R-I.  I'M

13   RETAINED COUNSEL FOR MR. POLEQUAPTEWA.  HE'S PRESENT IN

14   CUSTODY.

15              THE COURT:  OKAY.

16              GOOD AFTERNOON, EVERYONE.

17              SIR, BEFORE WE PROCEED, I'M GOING TO READ YOU YOUR

18   CONSTITUTIONAL AND STATUTORY RIGHTS IN CONNECTION WITH THESE

19   PROCEEDINGS.  OKAY.

20              SO, YOU ARE HERE BECAUSE YOU'VE BEEN CHARGED WITH A

21   VIOLATION OF FEDERAL LAW.  THE CHARGES AGAINST YOU ARE

22   CONTAINED IN AN INDICTMENT.  A COPY OF THE CHARGES HAS BEEN

23   GIVEN TO YOU OR WILL BE GIVEN TO YOU.

24              YOU HAVE A RIGHT TO REMAIN SILENT.

25              YOU'RE ENTITLED TO A SPEEDY AND PUBLIC TRIAL BY A

1    JURY OR BY A JUDGE ALONE IF JURY IS WAIVED.

2              YOU'RE ENTITLED TO BE REPRESENTED BY COUNSEL AT ALL

3    STAGES OF THE PROCEEDINGS.

4              YOU'RE ENTITLED TO BE PRESENT AT THIS ARRAIGNMENT AND

5    ALL THE PROCEEDINGS WHICH FOLLOW, INCLUDING WITHOUT LIMITATION,

6    THE TIME OF THE PLEA, EVERY STAGE OF THE TRIAL, INCLUDING THE

7    IMPANELING OF THE JURY AND THE RETURN OF THE VERDICT, AND AT

8    THE IMPOSITION OF ANY SENTENCE.

9              IF YOU DO NOT HAVE THE MONEY OR MEANS TO HIRE AN

10   ATTORNEY, I WILL APPOINT AN ATTORNEY FOR YOU WITHOUT COST OR

11   EXPENSE TO YOU.

12             HOWEVER, YOU'RE ADVISED THAT YOU MUST COMPLETE A

13   FINANCIAL STATEMENT BEFORE COUNSEL WILL BE APPOINTED ON YOUR

14   BEHALF.

15             IF YOU GIVE A FALSE OR DISHONEST ANSWER TO ANY

16   QUESTION CONTAINED IN THE FINANCIAL STATEMENT, OR WILLFULLY

17   FAIL TO RESPOND TO THE QUESTIONS ACCURATELY, YOU COULD BE

18   SUBJECT TO FURTHER PROSECUTION FOR A VIOLATION OF FEDERAL LAW.

19             YOU'RE ENTITLED TO SEE AND HEAR THE EVIDENCE AND

20   WITNESSES AGAINST YOU AND TO CROSS-EXAMINE THOSE WITNESSES.

21             YOU'RE ENTITLED TO SUBPOENA WITNESSES AND COMPEL THE

22   PRODUCTION OF OTHER EVIDENCE ON YOUR OWN BEHALF.

23             YOU HAVE THE RIGHT TO HAVE THE COURT CONSIDER

24   CONDITIONS OF YOUR RELEASE IN ACCORDANCE WITH THE BAIL REFORM

25   ACT OF 1984.

1          IT IS NOT NECESSARY FOR YOU TO PROVE YOU ARE

2    INNOCENT.  IT IS THE BURDEN OF THE GOVERNMENT TO PROVE YOU

3    GUILTY BEYOND A REASONABLE DOUBT.

4          FOR YOUR PLEA AND FURTHER PROCEEDINGS YOUR CASE HAS,

5    OR YOUR CASE WILL BE TRANSFERRED TO A DISTRICT JUDGE.  THE

6    PARTICULAR JUDGE FOR YOUR CASE HAS BEEN SELECTED RANDOMLY.

7          SIR, DO YOU UNDERSTAND THOSE RIGHTS?

8          THE DEFENDANT:  I DO.

9          THE COURT:  OKAY.

10         AND HELP ME WITH THE PRONUNCIATION OF YOUR NAME.  IS

11   IT NIKISHNA POLY- --

12         THE DEFENDANT:  NA-KISH-NA.

13         THE COURT:  NA-KISH-NA.

14         THE DEFENDANT:  PA-LEEK-KAP-TUA.

15         THE COURT:  PA-LEEK-KAP-TUA.

16         AND THAT'S YOUR TRUE NAME, CORRECT?

17         THE DEFENDANT:  CORRECT.

18         THE COURT:  ALL RIGHT.  THANK YOU, SIR.

19         HAVE YOU RECEIVED AND READ THE CHARGES AGAINST YOU?

20         THE DEFENDANT:  YES, YOUR HONOR, I HAVE.

21         THE COURT:  OKAY.  I'M NOT ASKING IF THEY ARE TRUE OR

22   FALSE.

23         BUT DO YOU UNDERSTAND WHAT THE GOVERNMENT SAYS YOU

24   ALLEGEDLY -- JUST ALLEGEDLY -- DID WRONG?

25         THE DEFENDANT:  CORRECT.  YES.

1          THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.

2          GOVERNMENT'S POSITION ON DETENTION.

3          MR. MITTAL:  YOUR HONOR, WE'D STIPULATE TO PRETRIAL'S

4   RECOMMENDATION.

5          WE SPOKE TO HIS WIFE.  AND HE DID SELF-SURRENDER THIS

6   MORNING.

7          THE ONLY CONDITION WE'D WANT TO ADD IS A CONTACT

8   PROVISION WITH THE VICTIMS OR ANY WITNESSES IN THE

9   INVESTIGATION.  BUT BEYOND THAT, WE'D STIPULATE TO WHAT

10  PRETRIAL HAS RECOMMENDED.

11         THE COURT:  COUNSEL, ANY OBJECTION TO THAT ADDITIONAL

12  CONDITION?

13         MR. KHOURI:  WELL, NOT IN SUBSTANCE.

14         BUT WE ARE INVOLVED IN CIVIL LITIGATION.  THERE'S A

15  MATTER PENDING IN JUDGE CARNEY'S COURT THAT INVOLVES THE SAME

16  UNDERLYING FACTS AS ALLEGED IN THE INDICTMENT.

17         THERE'S A COMPLAINT BROUGHT BY BLUE STONE AGAINST

18  MR. POLEQUAPTEWA.  THERE'S A COUNTERCLAIM BROUGHT BY MR.

19  POLEQUAPTEWA AGAINST BLUE STONE.

20         THERE IS A TRIAL DATE SET IN JUDGE CARNEY'S COURT FOR

21  JUNE 14TH I BELIEVE.  AND THE ONLY REASON I CAN REMEMBER THAT

22  IS THAT'S TWO DAYS BEFORE MY ANNIVERSARY.

23         AND THERE MAY -- WE'RE ASKING JUDGE CARNEY TO STAY

24  THAT PROCEEDING PENDING COMPLETION OF THIS CASE.

25         THERE MAY BE DEPOSITIONS.  THERE MAY BE INTERVIEWS.

1    SO, HIS LAWYERS -- WHICH IS MY LAW FIRM -- MAY BE IN CONTACT

2    WITH BLUE STONE AND ITS OFFICERS, DIRECTORS, AND EMPLOYEES THAT

3    ARE SO-CALLED VICTIMS IN THIS CASE.

4              BUT OTHER THAN THAT, I HAVE NO PROBLEM --

5              THE COURT:  HOW LONG HAS THE CIVIL CASE BEEN GOING

6    ON?

7              MR. KHOURI:  OH, YOUR HONOR, I DIDN'T BRING THAT FILE

8    WITH ME.  BUT I BET ABOUT A YEAR AND A HALF.  IT'S BEEN AWHILE.

9              (PAUSE IN PROCEEDINGS.)

10             THE COURT:  2014?

11             MR. KHOURI:  DECEMBER OF 2014.

12             COUNSEL FOR BLUE STONE IS HERE IN THE COURTROOM.

13             MR. BERLINER:  MATTHEW BERLINER, YOUR HONOR.

14             MR. KHOURI:  MR. -- MR. BERLINER, YOUR HONOR.

15             (PAUSE IN PROCEEDINGS.)

16             MR. BERLINER:  YOUR HONOR, WITH RESPECT TO THE

17   CONTACT PROVISION, I MEAN, THE -- THE CONTACT WE WERE CONCERNED

18   ABOUT IS WITH RESPECT TO THE DEFENDANT HIMSELF.  I THINK THAT

19   WE COULD DO A CARVE-OUT FOR CONTACTS THAT ARE RELATED TO THE

20   CIVIL LITIGATION OR IN HIS COUNSEL'S PRESENCE.

21             THE COURT:  WHO ARE YOU TRYING TO PREVENT HIM FROM

22   CONTACTING? -- BLUE STONE.

23             MR. BERLINER:  BLUE STONE OR ITS EMPLOYEES.

24             AND, OBVIOUSLY, WE'RE NOT -- OUR CONCERN ISN'T WITH

25   LEGITIMATE CONTACTS RELATED TO THE CIVIL LITIGATION.  IT WOULD

1    BE CONCERNED ABOUT ANY SORT OF OBSTRUCTION OR ANY -- THAT WOULD

2    AFFECT THE CRIMINAL LITIGATION WHILE IT'S PENDING.

3              MR. KHOURI:  YOUR HONOR, I HAVE NO -- NO ISSUE WITH

4    THAT.  ALTHOUGH, I'D LIKE BLUE STONE AND ITS EMPLOYEES NOT TO

5    CONTACT MY CLIENT EITHER.

6              THE COURT:  OKAY.  WELL, I'M NOT GOING TO -- WELL,

7    HMM.

8              INTERESTING CIRCUMSTANCES, GOVERNMENT, TO INDICT ON

9    THIS.

10             ALL RIGHT.

11             MR. KHOURI:  IT'S VERY DIPLOMATIC OF YOU, YOUR HONOR.

12             THE COURT:  TWO YEARS LATER, HUH, AFTER THE

13   ORIGINATION OF CIVIL LITIGATION FOR 5,000 IN DAMAGES, HUH?

14             MR. MITTAL:  YOUR HONOR, JUST TO CLARIFY THE DAMAGES

15   PORTION OF THE INDICTMENT --

16             THE COURT:  WHO IS THE BLUE STONE'S COUNSEL?  WHAT'S

17   YOUR NAME, SIR?

18             MR. BERLINER:  YOUR HONOR, MY NAME IS MATTHEW

19   BERLINER WITH THE LAW FIRM COINCIDENTALLY NAMED BLUE CAPITAL --

20   CHANGED THE NAME BEFORE.  THIS IS JUST A COINCIDENCE.

21             THE COURT:  IS YOUR -- WHAT'S THE NAME OF YOUR LAW

22   FIRM? -- BLUE CAPITAL?

23             MR. BERLINER:  THE FIRM REPRESENTING BLUE STONE --

24   BLUE STONE IN THIS CASE IS A LAW FIRM CALLED BLUE CAPITAL.

25             THE COURT:  AND THEY'RE REPRESENTING THEM ALSO IN THE

1   UNDERLYING CIVIL LITIGATION?

2           MR. BERLINER:  I AM -- I AM LEAD TRIAL COUNSEL IN THE

3   CIVIL LITIGATION, YOUR HONOR.

4           THE COURT:  IS YOUR FIRM LOCATED IN ORANGE COUNTY?

5           MR. BERLINER:  YEAH.  SANTA ANA -- I MEAN, COSTA

6   MESA, YOUR HONOR.

7           THE COURT:  OKAY.  WHO ARE THE OTHER PRINCIPALS OF

8   YOUR LAW FIRM?

9           MR. BERLINER:  A GENTLEMAN NAMED BRYAN NGO, N-G-O.

10   ANOTHER ONE TITLED SAL PICARIELLO.  THOSE ARE THE TWO MAIN

11   PRINCIPALS.

12           THE FIRM HAS SINCE MERGED AND IS -- THE NAME WOULD BE

13   FORTIS, LLP.  AND THE PRINCIPALS OF THAT FIRM INCLUDE JOE

14   HAYASHI, PAT ARRINGTON, ALEX CHEN, STANLEY SHER, MYSELF, AND

15   ANOTHER GENTLEMAN NAMED SANG DANG.

16           THE COURT:  ARE ANY OF THE PRINCIPALS OF THE PRIOR

17   FIRM OR THE MERGED FIRM FORMER ASSISTANTS?

18           MR. BERLINER:  ASSISTANT U.S. ATTORNEYS, YOUR HONOR?

19           NOT TO MY KNOWLEDGE.

20           THE COURT:  OKAY.

21           MR. BERLINER:  THEY'RE -- THEY ARE ALL EX BROBECK,

22   DORSEY & WHITNEY AND MORRISON & FOERSTER ASSOCIATES.  I DON'T

23   THINK ANY SERVED IN ANY CAPACITY IN ANY DIVISION OF THE FEDERAL

24   GOVERNMENT.

25           THE COURT:  OKAY.  INTERESTING.

1              ALL RIGHT.  WELL, IT IS WHAT IT IS.  YOU CAN DEAL

2    WITH IT LATER.  YOU CAN DEAL WITH IT WITH JUDGE CARNEY OR --

3    JUDGE CARNEY.

4              ALL RIGHT.

5              (PAUSE IN PROCEEDINGS.)

6              THE COURT:  HE'S RELEASED ON O.R.

7              UNIDENTIFIED SPEAKER:  YOUR HONOR, IS IT ALL RIGHT

8    FOR ME TO SPEAK.

9              THE COURT:  I DON'T EVEN KNOW WHO YOU ARE.

10             UNIDENTIFIED SPEAKER:  SORRY.  I'M THE DEFENDANT'S --

11             MR. KHOURI:  YOUR HONOR, MAY I HAVE A MOMENT, PLEASE.

12             (PAUSE IN PROCEEDINGS.)

13             MR. KHOURI:  THANK YOU, YOUR HONOR.

14             THE COURT:  OKAY.

15             HERE'S WHAT WE'RE GOING TO DO.

16             YOU'RE RELEASED ON O.R.  OKAY.  NO PRETRIAL

17   SUPERVISION.  NO -- NO NOTHING.  ALL RIGHT.

18             MR. MITTAL:  YOUR HONOR, COULD I -- COULD I --

19             THE DEFENDANT:  THANK YOU, YOUR HONOR.

20             THE COURT:  SURE.

21             MR. MITTAL:  I THINK -- I UNDERSTAND THE COURT MAY

22   HAVE SOME CONCERNS WITH THE CASE.  BUT I THINK --

23             THE COURT:  WELL, I'M JUST THINKING MY BOX IS VERY

24   LIMITED -- FLIGHT, DANGER.  HE HAS NO CRIMINAL HISTORY.  SO,

25   THERE'S NO DANGER ASPECT.

1    FLIGHT, HE HAS STRONG TIES HERE.  HE COULD HAVE BEEN

2    A LITTLE BIT MORE CANDID WITH PRETRIAL SERVICES.  BUT I'M GOING

3    TO CHALK THAT UP TO SOME MISCOMMUNICATION.  PROBABLY -- I'M

4    GOING TO PUT THE FAULT ON YOU BECAUSE I TRUST MY PRETRIAL

5    SERVICES.

6         SO, WHAT YOU'RE GOING TO DO IS BE AS BEST -- YOU'RE

7    GOING TO FOLLOW THE DIRECTIONS OF YOUR COUNSEL AND DO EXACTLY

8    WHAT HE DOES.  AND ANY TIME YOU SHOW UP IN FRONT OF COURT,

9    YOU'RE GOING TO BE AS CANDID AND FORTHCOMING AS YOU CAN.

10        ALL RIGHT, GOVERNMENT.  WHAT IS IT THAT YOU WANT TO

11   TALK TO ME ABOUT?

12        MR. MITTAL:  YOUR HONOR, I THINK THE TIES HERE ARE NO

13   LONGER IN EXISTENCE.  I MEAN, HE LIVES IN ARIZONA.  HE DOESN'T

14   HAVE TIES HERE CURRENTLY OUTSIDE OF HIS HOME, WHICH -- I MEAN,

15   MY UNDERSTANDING IS THAT HIS WIFE IS THE ONE WHO HAS THE

16   INCOME.  I DON'T BELIEVE HE HAS ANY INCOME.  SO, I DON'T KNOW

17   WHAT --

18        THE COURT:  WHERE IS HE GOING TO FLEE TO?  I MEAN, HE

19   WAS IN THE CENTRAL DISTRICT FOR EIGHT YEARS NOW.  HE LIVES ON

20   THE HOPI RESERVATION.

21        WHERE IS HE GOING TO FLEE -- WHAT IS YOUR -- FIRST

22   TELL ME WHAT YOUR CONCERN IS.

23        IS IT FLIGHT OR DANGER?

24        MR. MITTAL:  I THINK IT'S BOTH, YOUR HONOR.  THIS IS

25   A HACKING CASE.  I MEAN, I THINK --

1          THE COURT:  IT'S A HACKING CASE FROM 2014, CORRECT?

2          MR. MITTAL:  YES, YOUR HONOR.  IT'S BEEN UNDER

3    INVESTIGATION SINCE 2014.

4          THE COURT:  AREN'T THE INSTANT ALLEGATIONS --

5          MR. MITTAL:  SO --

6          THE COURT:  -- THE LEAST IMPORTANT?  ISN'T THAT WHAT

7    THE NINTH CIRCUIT TELLS US?

8          IS YOUR CONCERN THAT HE'S GOING TO HACK BLUE STONE

9    INFORMATION AGAIN?

10          MR. MITTAL:  YOUR HONOR, WE'RE STIPULATING TO A

11    RELEASE.  BUT WE THINK THAT THERE SHOULD BE AT LEAST A SURETY

12    HERE.  AND I THINK HE HAS A QUALIFIED SURETY IN THE COURTROOM

13    WHO WILL SIGN.

14          I DON'T HAVE ANY --

15          THE COURT:  DOESN'T THE BAIL REFORM ACT SAY I'M

16    SUPPOSED TO IMPOSE THE LEAST RESTRICTIVE CONDITIONS?

17          MR. MITTAL:  YES, YOUR HONOR.  BUT I MEAN, THE O.R.

18    BOND -- MY UNDERSTANDING FROM HIS ASSETS IS ALMOST -- IS

19    MINIMAL TO BEING IN DEBT $20,000 ON CREDIT CARDS.

20          SO, IF WE WERE TO EVEN FORFEIT, I'M NOT SURE WHAT WE

21    WOULD GET FROM THE DEFENDANT.

22          THE COURT:  WELL, YOU WANT TO GET -- YOU WANT TO GET

23    A SURETY FROM HIS WIFE FOR AN APPEARANCE BOND THAT'S $25,000 --

24    PRETRIAL.  BUT SHE HAS 45,000 OF COMMUNITY DEBT?

25          SO, HOW MUCH VIABLE IS THE APPEARANCE BOND?

1          MR. MITTAL:  YOUR HONOR, I BELIEVE SHE OWNS A HOME.

2          THE COURT:  SHE DOES HAVE A HOME.  AND IT'S FOR SALE.

3   IT'S PRESENTLY IN GLENDALE.  IT'S ON PAGE 3.

4          MR. MITTAL:  YOUR HONOR --

5          THE COURT:  SO, WHAT DO YOU WANT TO DO?  YOU WANT TO

6   PUT THE PROPERTY UP SO THAT IT PREVENTS THE SALES.  AND IT WILL

7   BE THE EQUIVALENT OF A LIS PENDENS ESSENTIALLY.  AND IT WILL

8   CLOUD TITLE.

9          MR. MITTAL:  NO, YOUR HONOR.  WE WOULD LIKE TO HAVE

10  HIS WIFE BE THE ONE WHO KIND OF ASSURES THAT HE APPEARS FOR

11  THIS CASE, AND THAT THERE'S NOTHING THAT HAPPENS OUTSIDE OF THE

12  CASE THAT WOULD FURTHER ENDANGER THE COMMUNITY.

13         BUT I THINK THE COURT --

14         THE COURT:  SO, THIS IS DANGER TO THE COMMUNITY?  IS

15  THAT THE -- YOU'RE ARGUING BOTH OR ONE?

16         MR. MITTAL:  BOTH, YOUR HONOR.

17         THE COURT:  OKAY.

18         MR. MITTAL:  FOR THE CONDITIONS.

19         I MEAN, IT IS -- IT IS A HACKING CASE.  SO, THERE IS

20  ALWAYS A CONCERN ABOUT OBSTRUCTION IN THIS KIND OF SETTING.

21         I MEAN, HE'S --

22         THE COURT:  IS IT A CLASSIC HACKING CASE?  OR IS IT A

23  BIT UNUSUAL FOR A HACKING CASE?

24         MR. MITTAL:  UNFORTUNATELY, I WOULD SAY THAT THIS IS

25  MORE COMMON, ACTUALLY.  THIS IS THE MORE COMMON CIRCUMSTANCE.

```
 1              WE HAVE FORMER EMPLOYEES WHO HAVE ACCESS TO DEVICES
 2   AND KNOW HOW TO GET INTO THE SYSTEMS AND DESTROY FILES.
 3              AND AS TO THE LOSS, I WANT TO BE CLEAR THAT THAT'S
 4   WHAT THE STATUTE STATES.  THAT'S NOT THE LOSS THAT WE BELIEVE
 5   IS AT ISSUE IN THE CASE.
 6              THE COURT:  I DON'T THINK I MENTIONED THE LOSS, DID
 7   I?  OR I MENTIONED IT EARLIER.
 8              MR. MITTAL:  YES.
 9              THE COURT:  OKAY.
10              MR. MITTAL:  I MEAN, IF WE'RE TALKING ABOUT THE
11   DAMAGE THAT WAS DONE TO THE VICTIM CORPORATION, I THINK IT'S
12   MORE ALONG THE LINES OF A QUARTER MILLION DOLLARS.  BUT --
13              THE COURT:  AND WHAT'S THAT BASED ON?
14              MR. MITTAL:  BASED ON AN ANALYSIS FROM THE VICTIM
15   CORPORATION.
16              THE COURT:  IS THERE AN EXPERT REPORT ON THAT?
17              MR. MITTAL:  WE DO HAVE A REPORT FROM THE VICTIM
18   CORPORATION ON THAT.
19              THE COURT:  WAS THAT EXPERT REPORT USED IN THE CIVIL
20   LITIGATION?
21              MR. KHOURI:  NO, YOUR HONOR.  THERE HAS BEEN NO
22   EXPERT DESIGNATED IN THE CIVIL LITIGATION.  THE TIME FOR
23   DISCOVERY IS PAST.  AND WE NEVER RECEIVED ANY EXPERT REPORT IN
24   COMPLIANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE.
25              I WOULD SUBMIT TO THE COURT THAT IF ANYONE HAS BEEN
```

1  DAMAGED, MY CLIENT'S LIFE AND EARNING CAPACITY AND FUTURE HAS

2  BEEN DAMAGED BY WHAT BLUE STONE DID TO HIM.

3           I DON'T REALLY WANT TO GET INTO THE UNDERLYING FACTS

4  OF THE CASE, BUT WE DISPUTE THAT THERE WAS ANY UNAUTHORIZED

5  ACCESS TO THE BLUE STONE COMPUTERS.

6           WE DISPUTE EVERYTHING IN THE CIVIL CASE AND IN THE

7  INDICTMENT.

8           THE COURT:  WELL, IT'S NOT FOR ME.  MINE IS A PRETTY

9  NARROW WINDOW TODAY.

10           I'M JUST MAKING SOME OBSERVATIONS THAT IT'S AN

11  INTERESTING MATTER.

12           I'LL LET YOU TAKE IT ALL UP WITH MR. -- WITH JUDGE

13  CARNEY.

14           GOVERNMENT, FINAL WORD.

15           MR. MITTAL:  YOUR HONOR, WE'D SUBMIT.

16           THE COURT:  OKAY.

17           (PAUSE IN PROCEEDINGS.)

18           THE COURT:  IF HE'S TO BE RELEASED, WHERE IS HE GOING

19  TO LIVE?  IS HE GOING TO LIVE IN ARIZONA, OR IS HE GOING TO

20  LIVE HERE?

21           MR. KHOURI:  HE IS GOING TO BE --

22           THE COURT:  HE IS GOING TO BE RELEASED.

23           WHERE IS HE GOING TO LIVE?  LET ME PUT IT THAT WAY.

24           MR. KHOURI:  AT THE ADDRESS IN THE PRETRIAL SERVICES

25  REPORT, WHICH IS TRIBAL LAND IN NORTHEASTERN ARIZONA WITH HIS

1    WIFE AND HIS THREE DAUGHTERS.

2              (PAUSE IN PROCEEDINGS.)

3              THE COURT:  THEY ALL LIVE THERE NOW? -- ON THE --

4              MR. KHOURI:  YES.  YES, YOUR HONOR.

5              (PAUSE IN PROCEEDINGS.)

6              THE COURT:  SO, YOU DIDN'T --

7              MR. KHOURI:  HE IS ALSO -- I'M SORRY, YOUR HONOR.

8              HE IS ALSO ASKING THAT THE COURT ALLOW HIM TO TRAVEL

9    WITHIN THE CONTINENTAL UNITED STATES.  HE IS A BUSINESS

10   CONSULTANT.  HE HOLDS BOTH BACHELOR'S DEGREES AND MASTER'S

11   DEGREES AND HAS EXPERIENCE IN PROVIDING STRATEGIC CONSULTING TO

12   BUSINESSES, ESPECIALLY THOSE WITH TIES TO THE AMERICAN INDIAN

13   COMMUNITY.  AND OFTEN THEY CONTACT HIM.  AND IT'S NECESSARY FOR

14   HIM TO TRAVEL.

15             NOW, OBVIOUSLY WE CAN ALWAYS COME TO THE COURT FOR

16   THAT PERMISSION.  BUT ONE OF MY GOALS IN THIS CASE HAVING KNOWN

17   MR. POLEQUAPTEWA AND HIS FAMILY FOR MANY YEARS IS THAT -- THAT

18   HE GET BACK ON HIS FEET AND HE START EARNING MONEY AND HE

19   DEVELOP HIS PROFESSIONAL SKILLS.

20             SO, I WOULD ASK THE COURT TO CONSIDER HOW YOU COULD

21   FASHION A TERM OF RELEASE THAT WOULD ALLOW HIM TO TRAVEL

22   WITHOUT MY FIRM HAVING TO COME TO COURT TO GET ORDERS.

23             MR. MITTAL:  YOUR HONOR, COULD I BE HEARD ON THAT

24   ISSUE?

25             THE COURT:  SURE.

 1          MR. MITTAL:  I THINK THIS RAISES THE CONCERN THAT

 2    PRETRIAL PREVIOUSLY RAISED ABOUT HIS EMPLOYMENT HISTORY.

 3          THIS IS THE FIRST TIME THAT THE DEFENDANT IS NOW

 4    SAYING HE'S A NATIONALLY TRAVELING CONSULTANT.  HIS PRIOR

 5    STATEMENT TO PRETRIAL WAS THAT HE WAS RELYING ON THE FINANCIAL

 6    ASSISTANCE OF HIS WIFE AND HE WAS A STUDENT AND VOLUNTEER.

 7          TO ME IT'S A LITTLE BIT ODD NOW THAT WE'RE HERE AND

 8    HIS CONDITIONS ARE BEING IMPOSED THAT WE'RE LEARNING ABOUT

 9    SOMETHING DIFFERENT THAT HE'S DOING.  AND HE NEEDS TO TRAVEL TO

10    THE ENTIRE CONTINENTAL U.S.

11          I WOULD BE OKAY WITH EMPLOYMENT CONDITIONS WHERE

12    PRETRIAL HAS APPROVED OF IT.  BUT, I MEAN, IF WE'RE GOING TO BE

13    TRAVELING THROUGHOUT THE U.S., I THINK THAT'S A PROBLEM.

14          MR. KHOURI:  AND IF I MAY EXPLAIN, YOUR HONOR.

15          HE WAS WORKING FOR AMERICORPS WHILE AT THE TRIBAL --

16    LIVING ON THE TRIBAL LANDS, WHICH IS SORT OF LIKE A DOMESTIC

17    PEACE CORPS ORGANIZATION.  NOW THAT'S EXPIRED.  AND HE WANTS TO

18    GET BACK TO STRATEGIC BUSINESS CONSULTING.

19          MR. POLEQUAPTEWA, HIS EMPLOYMENT HISTORY, HE WAS AT

20    UCI FOR MANY YEARS IN AN EDUCATIONAL LEADERSHIP POSITION.  AND

21    HE HAS -- AND AFTER LEAVING THAT POSITION, HE HAD BEEN

22    PROVIDING WHAT I'M TOLD IS CALLED "STRATEGIC DECISION-MAKING

23    CONSULTING SERVICES TO BUSINESSES."

24          THAT'S SORT OF ALL ABOVE MY PAY GRADE, YOUR HONOR.

25    BUT MY UNDERSTANDING IS THAT IT DOES REQUIRE HIM TO TRAVEL.

1          BUT, OF COURSE, IF THE COURT BELIEVES WE SHOULD

2     CONSULT WITH THE GOVERNMENT AND ENTER INTO STIPULATIONS OR SEEK

3     ORDERS, I'M HAPPY TO DO THAT.

4          (PAUSE IN PROCEEDINGS.)

5          THE COURT:  GIVEN THE CIRCUMSTANCES, YOU KNOW WHAT

6     WE'RE GOING TO DO.

7          ALL RIGHT.  WE WILL DO A 25,000-DOLLAR APPEARANCE

8     BOND BY HIS WIFE.  AND WE'LL IMPOSE CONDITIONS OF HIS RELEASE.

9          AND THE CONDITION WILL BE RESIDES AS APPROVED BY

10    PRETRIAL.  DO NOT RELOCATE WITHOUT PRIOR PERMISSION FROM

11    PRETRIAL.

12          SO, IF YOU'RE THINKING ABOUT MOVING DIFFERENT PLACES,

13    I WANT YOU TO STAY IN TOUCH WITH PRETRIAL.  OKAY.

14          AND YOU WOULD BE DOING I.T. CONSULTING?  IS THAT THE

15    TYPE OF CONSULTING?

16          THE DEFENDANT:  KIND OF A STRATEGIC PLANNING AND

17    MEETING FACILITATION -- JUST HELPING GROUPS OF PEOPLE AND

18    ORGANIZATIONS WITH IDEAS AND HOW TO FOLLOW THROUGH ON PLANS.

19          THE COURT:  OKAY.  BUT NOT I.T., CORRECT?

20          THE DEFENDANT:  I'M SURE SOME OF IT.  LIKE, PEOPLE

21    HAVE I.T. QUESTIONS.  I DO HELP WITH THAT AND AS WELL AS, LIKE,

22    MARKETING AND GRAPHIC DESIGN.  SO, BASICALLY ANYTHING THAT AN

23    ORGANIZATION NEEDS, I TRY TO HELP WITH THAT.

24          THE COURT:  BUT NOT WHAT YOU WERE DOING AT BLUE

25    STONE, RIGHT? -- BECAUSE YOU WERE MORE MANAGING THEIR I.T. --

1    AT LEAST IN SOME RESPECTS.

2            THE DEFENDANT:  YEAH.  NOT MANAGING I.T. SYSTEMS.

3    MAYBE MAKING RECOMMENDATIONS ON EQUIPMENT TO PURCHASE.  AND

4    MAYBE HELP THEM SET THAT UP OR HELPING GETTING THEIR MARKETING

5    MATERIALS IN ORDER.

6            THE COURT:  OKAY.

7            THE DEFENDANT:  OR DEVELOPING.

8            MR. KHOURI:  YOUR HONOR, I THINK HIS BACHELOR'S

9    DEGREE IS IN COMPUTER ENGINEERING OR COMPUTER --

10           THE DEFENDANT:  SCIENCE.

11           MR. KHOURI:  -- SCIENCE.  SO, I DON'T BELIEVE THAT

12   IT'S UNREASONABLE TO THINK THAT HE COULD BE THE I.T. PERSON AT

13   A COMPANY WHO WANTS TO HIRE HIM.

14           THE COURT:  OKAY.

15           SO, WHY DON'T WE DO THIS.  WHY DON'T WE GO WITH JUST

16   ACT -- MAINTAIN YOUR EMPLOYMENT AND JUST PROVIDE PROOF TO

17   PRETRIAL.  JUST -- JUST LET THEM KNOW WHAT YOU'RE DOING, WHERE

18   YOU'RE AT.  OKAY.

19           AND WE CAN JUST HAVE PROBABLY LIMITED PRETRIAL

20   SUPERVISION JUST AS LONG AS HE CHECKS IN WITH YOU ON WHATEVER

21   BASIS YOU DECIDE.

22           U.S. PRETRIAL SERVICES OFFICER:  YOU CAN PUT HIM ON

23   THE LOWEST LEVEL OF SUPERVISION, YOUR HONOR.

24           THE COURT:  LET'S JUST DO THAT.  JUST -- JUST SO WE

25   KNOW WHERE YOU'RE AT AND WHAT YOU'RE DOING.  OKAY.

1          AND THAT LEADS US WITH THE GOVERNMENT'S LAST REQUEST

2     -- AVOID ALL CONTACT DIRECTLY OR INDIRECTLY.

3          I THINK IF THERE'S PENDING CIVIL LITIGATION --

4          IT'S BEEN PENDING SINCE DECEMBER 2014?  I DON'T --

5     YOU KNOW, I DON'T WANT TO IMPOSE ANY SORT OF CONDITION THAT

6     SOMEBODY STUMBLES IN AND VIOLATES BECAUSE THEY MEET IN A

7     COURTROOM TOGETHER OR THEY'RE AT A SETTLEMENT OR WHAT HAVE YOU.

8          ALL RIGHT.  GOVERNMENT, ANY OTHER CONDITIONS?

9          MR. MITTAL:  I DON'T KNOW IF YOUR HONOR COVERED IT,

10    BUT THE SURRENDERING OF THE PASSPORT AND TRAVEL RESTRICTIONS.

11         THE COURT:  YEAH.  I WAS GOING TO LEAVE THAT ALONE

12    BECAUSE I DON'T WANT TO TAKE HIS TRAVEL DOCUMENTS.  AND I DON'T

13    WANT TO -- I MEAN, IF HE GETS AN OPPORTUNITY TO HAVE A JOB IN

14    NORTH DAKOTA, I DON'T WANT TO TAKE THAT AWAY.

15         MR. MITTAL:  I DON'T --

16         THE COURT:  BEAR IN MIND THAT HE HAS A LOT OF DEBT.

17    AND, SO, THE GOAL HERE IS NOT TO CAUSE HIM TO INCUR MORE

18    BECAUSE HE'S TURNING DOWN JOBS OR OTHERWISE.  LET'S GET HIM OUT

19    THERE TRYING TO EARN SOME MONEY.

20         MR. MITTAL:  YOUR HONOR, I DON'T BELIEVE --

21         THE COURT:  GOVERNMENT SUBMIT?

22         MR. MITTAL:  YOUR HONOR, I JUST DON'T BELIEVE HE

23    NEEDS A PASSPORT TO TRAVEL WITHIN THE CONTINENTAL U.S.

24         AND I MEAN THE TRAVEL RESTRICTIONS, I THINK THE

25    INTENT IS TO PREVENT AT LEAST INTERNATIONAL TRAVEL.  BECAUSE

1    ONCE HE GOES OVERSEAS, WE CAN'T DO ANYTHING ABOUT IT.

2             I WOULD THINK WITH A CRIMINAL TRIAL PENDING, HE

3    WOULDN'T BE PERMITTED TO GO ANYWHERE OUTSIDE THE COUNTRY.

4             THE COURT:  HAVE YOU GONE ANYWHERE BESIDES MEXICO IN

5    2013?

6             THE DEFENDANT:  (NO AUDIBLE RESPONSE.)

7             THE COURT:  OKAY.  ALL RIGHT.

8             GOVERNMENT SUBMIT?

9             MR. MITTAL:  YES, YOUR HONOR.

10            THE COURT:  ALL RIGHT.  THOSE WILL BE THE CONDITIONS.

11            ALL RIGHT.  MY CLERK IS GOING TO ASK YOU A FEW MORE

12   QUESTIONS.  THEY'RE A TOUCH SIMILAR.  SO, IF YOU'D BE KIND

13   ENOUGH TO JUST ANSWER THEM, I'D APPRECIATE IT.

14            THE CLERK:  DID YOU -- DID YOU HEAR --

15            MR. KHOURI:  YOUR HONOR, MAY I JUST HAVE ONE SECOND.

16   HE'S --

17            (DEFENSE COUNSEL AND CLIENT CONFERRING.)

18            MR. KHOURI:  THANK YOU VERY MUCH, YOUR HONOR.

19            THE CLERK:  DID YOU HEAR AND UNDERSTAND THE

20   STATEMENTS OF THIS COURT PERTAINING TO YOUR RIGHTS AND THE

21   APPOINTMENT OF COUNSEL?

22            THE DEFENDANT:  YES, MA'AM.

23            THE CLERK:  DID YOU SEE AND SIGN A STATEMENT OF YOUR

24   RIGHTS?

25            THE DEFENDANT:  YES, MA'AM.

1          THE CLERK:  DID YOU RECEIVE A COPY OF THE INDICTMENT?

2          THE DEFENDANT:  YES, MA'AM.

3          THE CLERK:  WOULD YOU LIKE THE INDICTMENT READ TO YOU

4    AT THIS TIME?

5          THE DEFENDANT:  NO, MA'AM.

6          THE CLERK:  HOW DO YOU PLEAD TO THE CHARGES CONTAINED

7    IN THE INDICTMENT --

8          THE DEFENDANT:  NOT --

9          THE CLERK:  -- GUILTY OR NOT GUILTY?

10          THE DEFENDANT:  NOT GUILTY.

11          THE CLERK:  THANK YOU, SIR.

12          THIS CASE HAS BEEN ASSIGNED TO THE HONORABLE CORMAC

13    J. CARNEY FOR TRIAL AND FURTHER PROCEEDINGS.

14          TRIAL IS SET FOR JUNE 28TH, 2016 AT 8:30 A.M.

15          PRETRIAL CONFERENCE IS SET FOR JUNE 20TH, 2016 AT

16    9:00 A.M.

17          COUNSEL ARE REFERRED TO THE COURT'S WEBSITE FOR

18    COPIES OF JUDGE CARNEY'S PRETRIAL ORDER.

19          AND COUNSEL FOR THE GOVERNMENT, IF I CAN GET A TRIAL

20    ESTIMATE, PLEASE.

21          MR. MITTAL:  FIVE DAYS.

22          THE CLERK:  THANK YOU.

23          THE COURT:  MR. KHOURI, DO YOU PRACTICE CRIMINAL LAW

24    REGULARLY HERE IN THE CENTRAL DISTRICT?

25          MR. KHOURI:  YES, YOUR HONOR.  I WAS FORMERLY ON THE

1    CJA PANEL FOR MANY YEARS UNTIL I GAVE IT UP A FEW YEARS AGO.

2              AND I PRACTICE CRIMINAL DEFENSE NORMALLY IN THE

3    HEALTH CARE AREA, NOT ONLY HERE BUT IN SAN DIEGO AND

4    LOS ANGELES AND SACRAMENTO AND TEXAS AND ALL OVER THE UNITED

5    STATES.

6              THE COURT:  OKAY.

7              MR. KHOURI:  BUT I'VE NEVER HAD THE PLEASURE OF

8    APPEARING BEFORE YOU BEFORE.

9              THE COURT:  OKAY.  I JUST WAS CURIOUS.  AND IT'S BEEN

10   AWHILE.

11             YOU KNOW, THERE WAS A PROGRAM IMPLEMENTED BACK IN --

12   I DON'T KNOW IF I'VE BEEN DOING IT SINCE '11 OR 2010.  JUST

13   REMEMBER AND LOOK IT UP IF YOU'RE NOT FAMILIAR WITH IT OR ASK

14   AROUND ABOUT SOMETHING CALLED "CASA."

15             OKAY.

16             MR. KHOURI:  ALL RIGHT, YOUR HONOR.  I -- I KNOW WHAT

17   YOU'RE TALKING ABOUT.  AND I ACTUALLY WAS KIND OF THINKING

18   ABOUT SOMETHING ON THE ALTERNATIVE ROUTE, SO.

19             THE COURT:  I JUST WANTED TO MAKE SURE I HIGHLIGHTED

20   IT FOR YOU.

21             MR. KHOURI:  ALL RIGHT.

22             THE COURT:  DIDN'T WANT IT TO GET LOST.

23             MR. KHOURI:  OKAY.

24             THANK YOU, YOUR HONOR.

25             THE COURT:  ALL OF YOU BE WELL.

1          OH, RELEASE IS FORTHWITH.

2          SO, WE'RE GOING TO PROCESS YOU OUT.  OKAY.

3          THE DEFENDANT:  THANK YOU, YOUR HONOR.

4          THE COURT:  THANK YOU.

5          THE CLERK:  ALL RISE.

6          THIS COURT IS --

7          (PROCEEDINGS ADJOURNED AT 2:33 P.M.)

8

9                    C E R T I F I C A T E

10

11          I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT

12   FROM THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16

17    /S/ DOROTHY BABYKIN                      6/22/16

18   _____      _____

19   FEDERALLY CERTIFIED TRANSCRIBER          DATED

20   DOROTHY BABYKIN

21

22

23

24

25