FILED

2018 AUG 29 PM 4:13

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>NIKISHNA POLEQUAPTEWA,<br><br>    Defendant. | SA CR No. 16-36(A)-CJC<br><br>**F I R S T**<br>**S U P E R S E D I N G**<br>**I N D I C T M E N T**<br><br>[18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(I): Unauthorized Impairment of the Integrity and Availability of Data, Programs, Systems, and Information] |

The Grand Jury charges:

[18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B)(i), (c)(4)(A)(i)(I)]

A. <u>INTRODUCTORY ALLEGATIONS</u>

At all times relevant to this First Superseding Indictment:

1. Blue Stone Strategy Group ("Blue Stone") was a company headquartered in Irvine, California, within the Central District of California, that provided consulting services to Native American tribal governments throughout the United States. In particular, Blue Stone assisted Native American tribal governments improve the efficiency of their governments and in the economic development of the governments' businesses.

2.   Defendant NIKISHNA POLEQUAPTEWA ("defendant POLEQUAPTEWA") resided in Garden Grove, California. In April 2014, Blue Stone hired defendant POLEQUAPTEWA as a consultant with the title Senior Strategist. Shortly after joining Blue Stone, defendant POLEQUAPTEWA, in addition to his consulting responsibilities as a Senior Strategist, became responsible for information technology and marketing-related projects. Before joining Blue Stone, defendant POLEQUAPTEWA had obtained a minor in Information and Computer Science, while at the University of California, Irvine.

3.   Until on or about November 14, 2014, defendant POLEQUAPTEWA was responsible for developing and maintaining Blue Stone's information technology infrastructure.

4.   While defendant POLEQUAPTEWA was in charge of information technology, Blue Stone stored its work-related data on in-office computers, an in-office server, and on remote servers operated by third-party service providers. Specifically, Blue Stone stored work-related data on a Mac Pro desktop computer located in Irvine, California, an internal server also located in Irvine, California, that was remotely accessible to employees through the Internet, and remote servers hosted by Google Inc., Bluehost Inc., MailChimp, and Cox Communications. All of the servers and computers described in the First Superseding Indictment were protected computers that were used in and affecting interstate and foreign commerce and communication, as defined in Title 18, United States Code, Sections 1030(e)(1) and 1030(e)(2)(B).

5.  On or about November 14, 2014, Blue Stone reassigned defendant POLEQUAPTEWA's duties related to information technology and marketing to outside vendors so defendant POLEQUAPTEWA could focus on his work as a Senior Strategist. Defendant POLEQUAPTEWA was instructed to transfer his administrator passwords related to the computers and servers described above to an outside vendor who would handle information technology going forward.

6.  On or about November 17, 2014, and November 18, 2014, defendant POLEQUAPTEWA was in Florida on a Blue Stone project for the Seminole Tribe of Florida.

7.  On or about November 18, 2014, during a meeting attended by members of Blue Stone and Blue Stone's client, the Seminole Tribe of Florida, defendant POLEQUAPTEWA resigned from Blue Stone.

8.  On or about November 18, 2014, without authorization, while in Florida, defendant POLEQUAPTEWA deleted various files belonging to Blue Stone that were stored on Blue Stone's internal server located in Irvine, California, and remote servers hosted by Google Inc., Bluehost Inc., MailChimp, and Cox Communications.

9.  On or about November 18, 2014, without authorization, while still in Florida, defendant POLEQUAPTEWA sent an erase or "wipe" command to Blue Stone's Mac Pro desktop computer located in Irvine, California, using Apple's Find My iPhone application. On or about November 19, 2014, Blue Stone's Mac Pro desktop computer located in Irvine, California, was turned on and the

erase command defendant POLEQUAPTEWA sent from Florida caused the contents of the computer to be deleted.

10.  The deletions of Blue Stone's files that defendant POLEQUAPTEWA executed, without authorization, on or about November 18, 2014, and on or about November 19, 2014, caused Blue Stone a loss of approximately $50,000.

B.  UNAUTHORIZED IMPAIRMENT

11.  On or about November 18, 2014, in Orange County, within the Central District of California, and elsewhere, defendant POLEQUAPTEWA knowingly caused the transmission of programs, information, codes, and commands to a protected computer that was used in and affecting interstate and foreign commerce and communication, as defined in Title 18, United States Code, Sections 1030(e)(1) and 1030(e)(2)(B), specifically, Blue Stone's Mac Pro desktop computer located in Irvine, California, bearing serial number F5KMF03YF693, and as a result of such conduct, intentionally caused impairments to the integrity and availability of data, programs, systems, and information without authorization.

//
//
//

12. The offense described in the previous paragraph caused loss to Blue Stone during a one-year period beginning on or about November 18, 2014, and loss resulting from a related course of conduct affecting one or more other protected computers that were used in and affecting interstate and foreign commerce and communication, as defined in Title 18, United States Code, Sections 1030(e)(1) and 1030(e)(2)(B), aggregating at least $5,000 in value.

A TRUE BILL

_____
Foreperson

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

DENNISE D. WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

VIBHAV MITTAL
BRADLEY MARRETT
Assistant United States Attorneys